### EDWARD L. CRAW v. JOHN M. EASTERLY.

The certificate of incorporation of a manufacturing company, filed under Laws of 1848 (chap. 40), designated six of its stockholders as trustees for the first year, and the by-laws provided for an annual election of directors, and that no transfer of stock should be valid for any purpose, unless made in writing and entered on the books of the company, and contained no provision for filling vacancies in the office of trustee. During the first year of its incorporation, W., an acting trustee, sold his stock, some of it to the defendant; fifteen days before a transfer to the defendant upon the books, and while the sale to him was incomplete, and W. being still owner of the remainder of his stock, the stockholders, at a meeting held without publication of notice, at which W. was not present, passed a resolution reciting that he had sold all his interest in the company, declaring his office vacant, and appointing the defendant, who was present, consented to the appointment, and thereafter acted as trustee until in December ensuing, when he left the State, to the vacancy. — *Held*, that the resolution of the stockholders was a mere nullity.

And (per JOHNSON, J.) the defendant's appointment as trustee, and acts under it, did not give him even colorable title to the office.

*Held*, further, that the defendant was not chargeable, as a trustee, with liability to creditors, under section 12 of the act of 1848, on neglect of the company to publish and file a report, as required by that section.

The liability under that section (§ 12) is imposed by the way of penalty, and upon the ground of *non-feasance*.

In order to make one liable for a *non-feasance*, it must appear that he has refused or neglected the performance of some act which the law made it his duty to perform.

*Held*, further, that the defendant was not estopped from denying that he was a trustee. (TALCOTT, J., dissenting.)

THE parties to this controversy submitted to the court the following case, under section 372 of the Code, viz.:

"On the 29th day of February, 1868, 'The Stevenson Manufacturing Company' was organized at Auburn, N. Y., and became a corporation, under the act of the State of New York entitled, 'An act to authorize the formation of corporations for manufacturing, mining, mechanical and chemical purposes,' passed February 17, 1848. (Laws of 1848, § 40.)

"The certificate of incorporation was filed in the office of the clerk of Cayuga county, and also in the office of the secre-

tary of State at Albany, and was, in form and substance, as required by section 1 of said act.

" In and by this certificate, the number of trustees of said company was fixed at six; and the names of those who should manage the concerns of the company for the first year were stated to be, William C. Barber, James D. Button, Erastus G. Knight, William H. Stevenson, Smith D. Wackman, and William P. Robinson.

" These six persons, immediately, on the 29th day of February, 1868, accepted said office of trustees, and entered upon the discharge of the duties thereof. And the said company immediately commenced business, and prosecuted the same until May, 1869.

" On the 10th day of March, 1868, certain by-laws were adopted by the company, providing, among other things, that ' the annual election of directors shall be held on the 1st day of March in each year,' and that ' no transfer of stock shall be valid for any purpose, unless the transfer shall be made in writing and duly entered on the transfer books of the company.'

" There was no other provision in the by-laws for the election or appointment of trustees of said company, and no provision for the filling of vacancies, if any should happen, among the trustees.

" In April, 1868, the defendant in this action negotiated with one of the trustees, Smith D. Wackman, for the purchase of a portion of his stock, and paid a part of the purchase-money therefor.

" This negotiation was completed and the stock transferred on the books of the company to the defendant on the 20th day of May, 1868, and upon that day the certificate therefor was issued to the defendant.

" Smith D. Wackman continued to be a stockholder upon the books of the company until June 1, 1868, when his remaining stock was transferred to one Lewis Carpenter.

" Previous to this time, and on the 5th day of May, 1868, at a meeting of the stockholders of said company, at which

Craw *v.* Easterly.

the defendant was present, the following resolution was adopted:

" ' *Whereas*, S. D. Wackman has sold all his interest in this company, therefore *Resolved*, That his office as trustee is hereby declared vacant, and John M. Easterly (the defendant meaning) is hereby appointed trustee to fill the vacancy.'

" Smith D. Wackman was not present at this meeting, and there was no published notice thereof.

" The defendant knew of this appointment of him as trustee, and assented to it, and thereafter assumed to act as trustee, supposing himself to be authorized by the adoption of the said resolution, until about the middle of December, 1868, when he removed from this State to the State of Tennessee, where he resided until October, 1869.

" On the 12th day of January, 1869, this company made their promissory note, in writing, whereby it promised to pay to the order of E. G. Knight, for value received, $634.11, six months after said date, with interest; which said note was indorsed by the said Knight, and duly transferred to the said plaintiff.

" An action was commenced on said note, and judgment rendered thereon against the said company, November 22, 1869, for $928.69, damages and costs; which said note and judgment are held and owned by the plaintiff.

" Execution has been issued thereon against the company, and returned wholly unsatisfied.

" The said company did not make, or cause to be made, within twenty days from the 1st day of January, 1869, and have not at any time since made, a report, or caused any report to be made, or signed, or filed, or published, as required by the twelfth section of said act of February 17, 1848, and the said company and its trustees have wholly failed to comply with the provisions of said section of said act.

" The plaintiff therefore claims and demands judgment against the said defendant, John M. Easterly, for the amount of said note, to wit, $834.11, and interest thereon from the 15th day of July, 1869, besides costs."

*Mortimer V. Austin*, for the plaintiff, with other points, contended as follows: The provision of the by-laws " that no transfer of stock should be valid for any purpose unless the transfer should be made in writing, and entered on the books of the company," was or is of no effect whatever, when applied to this case.

The transfer was valid and effectual, notwithstanding any such provision, as between Wackman and the defendant; such provisions are intended only for the protection of the corporation. (*Bank of Utica* v. *Smalley*, 2 Cowen, 770; *Gilbert* v. *Manchester Iron Co.*, 11 Wend., 627; *Bank of Utica* v. *Smalley*, 2 Cowen, 770, affirmed in Court of Errors, 8 Cowen, 397; *Gilbert* v. *Manchester Iron Co.*, 11 Wend., 627.)

The company, by its trustees or stockholders, in appointing defendant trustee, recognized the transfer to defendant by Wackman, and waived whatever rights, if any were given or granted by the by-laws adopted in March, 1868, in regard to the transfer of stock.

It is sufficient that the defendant held himself out as a trustee, and acted as such, and the creditors of this company, and this plaintiff, had a right to treat him as such stockholder, and to regard his appointment as trustee effectual and valid

However, it is entirely immaterial, at this late day, whether Wackman was removed from his office as trustee or not, at the meeting of May 5th, 1868, or whether the defendant was regularly elected or appointed a trustee.

Easterly was, on May 5th, 1868, eligible for the office of trustee within the spirit and meaning of section 3 of the statute under which the corporation was organized. (Laws of 1848, chap. 40.)

He had purchased the stock and had paid for it. He was equitably the owner of it, and was entitled to have it transferred to him on the transfer books of the corporation, without notice to or the consent of Wackman.

The liability of this defendant, as trustee, does not depend upon the *regularity* of his election or appointment, but upon the *fact* that he was recognized by the corporation as a trustee,

Craw v. Easterly.

and performed the duties of that office, and represented himself to be such. The defendant attended the meeting of trustees, and consulted with the other trustees in reference to the concerns of the company, and having assumed the rights and privileges of trustee, he cannot now evade the liabilities imposed by the statute. His acts and declarations at the time would have been binding upon the corporation; the trustees or corporation could not have put in issue the regularity of his election or appointment. A stockholder who has acted as a director cannot set up as a defence an irregularity which may show that the corporation never existed. (*McFarlon* v. *The Triton Ins. Co.*, 4 Denio, 392; *Schoharie Plank Road Co.* v. *Thatcher*, 1 Kernan, 108; *All Saints Church* v. *Leverett*, 1 Hall, 191; *Palmer* v. *Lawrence*, 3 Sand., 170.)

The defendant is now estopped from denying the regularity and validity of his election or appointment, *for the sole and only purpose of escaping liability.* He also cited *Maudesley* v. *LeBlanc* (2 Carr & Payne, 409); *Harvey* v. *Kay* (9 Barn. & Cress., 356); *Ellis* v. *Schmoeck* (5 Binn., 521); *Doubleday* v. *Marshall* (7 Binn., 110); 4 M. & P., 750.

*Cox & Avery*, for the defendant, cited Laws, 1848, chap. 40, §3; *Conso* v. *Port Henry Co.* (12 Barb., 62); *McCullough* v. *Moss* (5 Denio, 575); Angell & Ames on Corporations, §§ 345, 426, 429; *Garrison* v. *Howe* (17 N. Y., 458–466).

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

JOHNSON, J. This is a case without action, upon facts agreed upon by the parties under section 372 of the Code. The plaintiff asks for judgment against the defendant only, on the ground that he was one of the trustees of the "Stevenson Manufacturing Company" during a portion of the year 1868, and up to the 1st of March, 1869. Upon the facts agreed upon the corporation became indebted to the plaintiff on the 12th of January, 1869. The plaintiff has obtained a judgment upon the note given by the corporation for such indebtedness.

Craw *v.* Easterly.

The corporation did not make or cause to be made, within twenty days after the first of January, 1869, a report as required by section 12 of the act of 1848, under which it was organized. (Session Laws of 1848, chap. 40.)

Upon this default all the trustees of the corporation became jointly and severally liable for all the debts of the company then existing. The defendant is liable, therefore, and the plaintiff is entitled to the judgment asked for if the defendant was a trustee of the company at the time of the default in making the report.

The question therefore is, whether the defendant was at the time a trustee in fact, and in law, of the corporation.

The corporation was organized on the 29th of February, 1868; and in the certificate of organization the number of trustees was fixed at six, and the names of the six, who should be trustees for the first year, were designated.

The defendant was not one of this number. One of the six named as trustees was Smith D. Wackman, who was a stockholder, and who had taken upon himself, with the other persons so named, the duties of trustee. In April, 1868, Wackman and the defendant negotiated for the sale of a portion of Wackman's stock to the defendant, and the negotiation was completed, and the stock transferred on the books of the company to the defendant on the twentieth of May thereafter. Wackman retained the residue of his stock until the 1st of June, 1868, when it was transferred to another person. On the 5th of May, 1868, at a meeting of the stockholders of the company, held without any notice thereof, having been previously published, and at which Wackman was not present, a preamble and resolution was adopted declaring that Wackman had sold all his interest in the company and resolving, that his office of trustee was thereby declared vacant, and that the defendant was thereby appointed trustee to fill the vacancy.

The defendant was present at this meeting and consented to the act of his appointment, and afterward met with the trustees and assumed to act with them as one of the trustees

until December, 1868, when he removed from the State to the State of Tennessee, where he resided until October, 1869. There can be no doubt upon these facts that the resolution of the fifth of May was a mere nullity.

The stockholders had no power either to create a vacancy in office of trustee by declaring it in that way, or to fill a vacancy in that manner when created.

The resolution could have no effect, either to confer upon the defendant the right to take part in managing and directing the affairs of the company as trustee, or to charge him with any duty pertaining to the office of trustee. There was, in law, no vacancy in the office, and the stockholders had no power to make one where it did not exist. Wackman had neither died nor resigned. The statute before referred to, section 1, provides, that the persons named in the certificate of organization as trustees, "shall manage the concerns of the company for the first year." By section 3 of the act, provision is made for the election of trustees by the stockholders, by ballot, after the first year. The same section also provides, that when any vacancy shall happen among the trustees by death, resignation, or otherwise, it may be filled for the remainder of the year in such manner as may be provided for in the by-laws of the company. In this case, as appears, the company adopted a set of by-laws, by which the annual election of trustees was fixed for the first day of March in each year, but in which no provision was made for filling vacancies.

Wackman was a stockholder at the time the resolution was passed, and an acting trustee ; and there was no provision of the statute, or any by-law of the company by which the office of trustee became vacant by transferring his stock after he was legally made trustee. The statute is imperative that the persons named in the certificate as trustees shall manage the concerns the first year. On the other hand, the defendant at the time of his pretended appointment was not eligible to the office of trustee of the company

The statute, section 3, provides, that the trustees shall be stockholders ; and, according to the facts agreed upon, the defendant did not become a stockholder until the twentieth of May, fifteen days after the adoption of the resolution by which it is claimed he was appointed. Before that he was only nego- tiating a purchase by which he might become a stockholder. The negotiation was not completed, and the stock transferred until the twentieth.

The by-laws adopted provided, that no transfer of stock should be valid for any purpose unless it was in writing, and duly entered on the transfer book of the company. The case however states, that the negotiation for the stock was not completed until the day of the entry was made on the transfer book.

It is clear, therefore, that the title to the stock did not vest in the defendant, even as between him and Wackman, until several days after the adoption of the resolution. The office, therefore, was not only not vacant, but the defendant was not eligible to it had it been so. And, in addition to this, the appointment, such as it was, was made in a manner unau- thorized by the statute or the by-laws. Such an appointment can scarcely be called colorable. In order that an election or appointment shall give color of right, it must be under some semblance of legal authority. Here there was none what- ever. It is true that a person by color of election, or appoint- ment may be an officer *de facto*, though ineligible to the office, or though the office was not at the time vacant, but was then filled by an officer *de jure*. (Aug. & Ames on Corp., 274.) But a colorable election or appointment, I take it, means an election or appointment in some form known to the law for that office, and which confers an apparent or *prima facie* right.

But granting that the defendant by reason of the appoint- ment in that manner, and of his subsequent action in meeting with the trustees, and acting as one of them, became so far a trustee *de facto*, that his acts would be binding upon the cor- poration and upon himself, as trustee, so far as he assumed to act in that capacity, it does not follow that he would be liable

to the plaintiff, or any other person similarly situated on a claim of the kind here made.

The debt was against the corporation only. The relation of creditor and debtor was between the plaintiff and the company solely until after the default in making the report. After that time the trustees became liable by force of the statute. The statute creates and imposes the liability, in the nature of a penalty, for the neglect to perform a duty which it imposes. It requires a report to be made and published within twenty days after the first of January in each year of the condition and affairs of the company as therein specified, to be signed by the president and a majority of the trustees, and to be verified and filed ; and then provides that " if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing," &c. It has been held that this provision applies to such trustees only as have been guilty of the neglect of duty. (*Boughton* v. *Otis,* 27 Barb., 196 ; S. C. 21 N. Y., 261.) It has been already shown that when the stockholders undertook to appoint the defendant a trustee there was no vacancy to be filled.

Wackman was then a trustee and the board was full. The number had been fixed, and neither the number, constituting the trustees, nor the individuals composing the body, could be changed in that way. It was the duty of those who were by law trustees to make the report, and not of persons who were not legally trustees. The defendant never became charged with the duty of making the report, and never had any legal right to join in it, or to sign it as trustee.

The plaintiff's right depends upon his being able to show that the defendant was such a trustee as the statute contemplates, whose neglect to act would be a *non-feasance.* In order to make a party liable for a *non-feasance,* it must be shown that he has refused or neglected the performance of some act which the law made it his duty to perform.

The statute provides who shall be trustees, and manage the concerns of the company for the first year ; and the defendant

was not one of the persons. It was the duty of those, who were made trustees by statute, to make the report which should have been made. Those persons are liable to the plaintiff, jointly and severally.

As the defendant was not a trustee, within the contemplation and meaning of the statute, he is not amenable to the penal imposition of the liability. As was said by DENIO, J., in regard to the provision in question, in *Garrison* v. *Howe* (17 N. Y., 466), " the provision is highly penal, and the rules of law do not permit us to extend it by construction to cases not fairly within its language." There is no question of estoppel in the case. It does not appear that the plaintiff dealt with the company, or gave it credit, on the faith of the defendant being one of the trustees. The question, lying at the foundation of the plaintiff's claim, is, whether the defendant was a trustee of the company for the first year, and charged by statute with the duty of making the report. Even if he might be estopped from disputing the validity of his acts as trustee, so far as he did act, there is nothing in the principle of estoppel to prevent his denying that he had any right, or was under any obligation, to go further, and continue to act as trustee through the year. I am clearly of the opinion that the defendant never became trustee; that he never acquired any right or title to the office; and, consequently, was never under any duty or obligation to perform the acts required by the statute to be performed by the trustees of the company.

The defendant must, therefore, have judgment for his costs.

MULLIN, P. J., agrees.

TALCOTT, J., dissents, on the ground that the defendant is estopped from denying that he was such trustee.

Judgment for defendant.