THE ANCIENT CITY SPORTSMAN'S CLUB, etc., Respondent, *v.* PETER MILLER, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1873.) ·

The act of 1865 (chap. 368), which authorizes incorporations for "Social, gymnastic, esthetic, musical, yachting, hunting, fishing, batting or lawful sporting purposes," does not allow incorporations for the purpose of instituting actions to recover penalties for violations of the game laws.

So far as a certificate of incorporation under the act expresses such an object, it is unauthorized and void.

The authority given to the corporation by the act, to sue and be sued, is subject to the qualification that it is in relation to some matter within the scope of the statute and legitimate purpose of the organization.

The statute (chap. 721, L. 1871), under which certain penalties may be recovered by any person in his own name, etc., does not confer the power to prosecute for them upon corporations.

THIS is an appeal by the defendant from a judgment of the Schenectady County Court, affirming a judgment for the plaintiff, rendered in the court of a justice of the peace.

The action was brought under the game law (chap. 721, Laws 1871), to recover a penalty for taking fish with a net in the Mohawk river. The parts of that law which are applicable read as follows:

"§ 25. No person shall kill or catch any fish in the Mohawk or Clyde rivers,    *    *    *    by any trap, dam, weir, net, seine, or by any device whatever, other than that of angling with hook and line, or with a spear, under a penalty of twenty-five dollars for each offence."

"§ 38. All penalties imposed by this act may be recovered,

with costs of suit, *by any person,* in his own name, before a justice of the peace, in the county where the offence was committed or where the defendant resides, when the amount recovered does not exceed the jurisdiction of such justice."

Plaintiff is a society, incorporated under chap. 368, Laws 1865, and its objects are stated in the certificate as follows: "*Second.* The business and objects of this society are *the enforcement of all existing laws and ordinances for the preservation of game and fish,* and the enactment of such further local legislation as may still further advance the pleasures of true sportsmen in the Mohawk river and other streams, and in the woods of the county, and socially to cultivate the manly exercises of rifle, gun and rod."

The parts of the act under which plaintiff was incorporated, which are material, are as follows:

"§ 1. Any five or more persons of full age, citizens of the United States, a majority of whom shall be also citizens of this State, who shall desire to associate themselves for social, gymnastic, esthetic, musical, yachting, hunting, fishing, batting or lawful sporting purposes, may make, sign and acknowledge, before any officer authorized to take the acknowledgment of deeds in this State, and file in the office of the Secretary of State, and also in the office of the clerk of the county in which the office of such society shall be situated, a certificate in writing, in which shall be stated the name or title by which such society shall be known in law, the particular business and object of such society, the number of trustees, directors or managers to manage the same, and the names of the trustees, directors or managers for the first year of its existence, but such certificate shall not be filed, unless by the written consent and approbation of one of the justices of the Supreme Court of the district," etc.

"§ 2. Upon filing a certificate as aforesaid, the persons who shall have signed and acknowledged such certificate, and their associates and successors, shall thereupon, by virtue of this act, be a body politic and corporate, by the name stated in such certificate, and by that name they and their successors

shall and may have succession, *and shall be persons* in law *capable of suing* and being sued," etc.

Upon proof of defendant's taking of fish, by a net, from the Mohawk river, plaintiff recovered a judgment for twenty-five dollars in the court of a justice of the peace. Upon appeal by the defendant, that judgment was affirmed by the County Court, and defendant appeals to this court.

*J. H. Clute*, for the appellant.

*E. W. Paige*, for the respondent.

Present—MILLER, P. J.; DANIELS and INGALLS, JJ.

INGALLS, J.   We are satisfied that the plaintiff was not authorized to maintain this action, for the reason that the statute of 1865, under which the plaintiff was organized as a society, does not authorize the formation of a corporation for any such purpose.   The objects for which such a society may be formed are specified in said statute, as follows: " who shall desire to associate themselves for social, gymnastic, esthetic, musical, yachting, hunting, fishing, batting or lawful sporting purposes."   This statute was amended the same year (see chapter 668 of Laws of 1865) by adding, after the word " social," the words "temperance, benefit."   This amendment does not enlarge the statute in this particular, so as to affect the question under consideration.   The statute does not, in my judgment, either directly or by reasonable implication confer the power to organize a society for the purpose of instituting actions to recover penalties for a violation of the game laws.   No such purpose is defined by the statute, and it is quite apparent that none such was intended by the legislature.   A corporation, so far as I can perceive, might as appropriately be organized under that statute to enforce all the laws of the State of New York.   If the view thus taken is sound, it follows that the portion of the certificate under which the plaintiff claims authority to maintain this

Ancient City Sportsman's Club *v.* Miller.

action is unauthorized and void.   It does not aid the plaintiff that the statute of 1865 authorizes a corporation formed under it to sue and be sued, as that provision is subject to the qualification that it must be in relation to some matter within the scope of the statute, and the legitimate purpose of the organization.   It is worthy of notice that the statute of 1871, chapter 721, which creates the penalty sought to be recovered, provides as follows: "All penalties imposed by this act may be recovered, with costs of suit, by *any person in his own name before a justice*," etc.   The language employed does not indicate that the legislature intended to confer this power to prosecute upon a corporation, or that the authority to organize a society for such a purpose existed.   We abstain from discussing the question as to when, and under what circumstances, a corporation will be regarded as a person for certain purposes.   The objection was sufficiently raised by the defendant upon the trial: 1st. By objecting to the introduction of the certificate of incorporation as immaterial and irrelevant.   2d. By moving for a nonsuit on the ground that the plaintiff, as a corporation, had no legal right to maintain the action.   3d. That the plaintiff had wholly failed to make a case. The defect was so radical and complete that the plaintiff's case could not possibly have been remedied if there had been a more specific statement of the ground of objection by the defendant.

The judgment of the County Court and of the justice must be reversed, with costs.