McCue, J.
[After stating the facts.]—The ground upon which it is sought to hold the defendant liable appears from the following words of the counsel for the plaintiff: “ I seek to charge him as president of the Faust Club, holding that that fact constituted him a trustee in the absence of any other.”
This proposition involves the only question in the case. Is the defendant, by reason of his being the president of the club, liable under section 7 of the said act,—which makes the trustees jointly and severally liable for all debts due from said company or corporation, contracted while they are such trustees, &c. % (Hall v. Sigel, 13 Abb. Pr. N. S. 178, 184).
*350 Some distinction is attempted to be made between the designation director and trustee, as though the latter designation was intended to carry with it a more extended liability, and to apply to persons other than those who were the formally and regularly elected directors ; and it is in this sense undoubtedly, and in analogy to what is claimed to be the English rule in such cases, that the defendant, because he was president, is sought to be held as a trustee. It will be observed, however, that the act speaks of those who are to manage the society as the trustees, directors, or managers. By sections 1 and 3 power is given to the society to elect annually from its members, its trustees, directors, or managers, at such time and place and in such manner as may be designated by its by-laws ; and they are to have the control and management of the affairs and funds of the society. Section 7, which imposes the liability before referred to, speaks, it is true, only of trustees, but we are of opinion that the. legislature clearly intended to embrace within that term, those who had the legal control and management of the affairs of the society, whether called trustees, or directors, or managers.
The constitution adopted by the club seems to have attempted the creation of a different, and in point of numbers, a more numerous body of trustees, directors," or managers ; but this was clearly beyond the power .of the society to do, for by its original certificate of incorporation the number was limited to three, and although, by the act of 1873 (chap. 698), the society was authorized to increase the number o.f its trustees to thirteen, there is no evidence that the proper action to increase the number was ever taken by the society. Besides, the number attempted to be fixed by the constitution is fifteen, which is in direct violation of the act of 1873 itself—and therefore void.
Apart, however, from this consideration, it is by no *351 means clear that, the constitution intended to make the president of the club a director. In subdivision 6 of article 4 it declares that “ The directory shall consist of the president, vice-president, treasurer, financial secretary, and recording secretary, and ten directors,” thus evidently drawing a distinction between those who were directors eo nomine of the club, and those officers who for the general purposes of the club were associated with them in the management of its affairs.
It will be observed also that all corporations formed under the general act, were given the general powers conferred by and thus were made subsidiary to the provisions and restrictions of title 3, chapter 18, part 1, of the Revised Statutes (§ 9 of act of 1865). Among these powers was the power to appoint such subordinate officers and agents as the business of the corporation shall require, and to make by-laws not inconsistent with any existing law for the management of its property, &c. (See subd. 5, 6, § 1, title 3, chap. 18, part 1, of R. S.).
It was not inconsistent with the act of 1865, to elect a president, whose duty was to preside at all meetings of the club and of the directory, so far, at least, as the general social purposes of the club were concerned; but it was clearly beyond the power of the club to elect any persons with authority to represent the corporation and to manage or control its affairs, except according to the terms of the act under which the corporation came into existence. And although the defendant acted as president, he is not thereby estopped from denying that he was a trustee. It does not appear that the plaintiff’s testator gave credit to the club on the faith that the defendant was a trustee (Craw v. Easterly, 4 Lans. 522).
In the absence of any proof that any trustees were ever elected to take the places of the trustees named in the original certificate of incorporation, we have the *352 right to presume that the original trustees have still continued to act, and are now in office, and that they alone are subject to the penalty fixed by section 7 of the act (Reed v. Keese, 60 N. Y. 616).
We are of the opinion, therefore, that the defendant was not a trustee, within the terms of section 7 of the act of 1865, and that he is not liable for the debt of the club.
The exception to the direction given by the court below was well taken, and the defendant was entitled to have the complaint dismissed.
New trial ordered with costs to abide the event.
Reynolds, J., concurred.