Fish, J.
—Chapter 287 of the Laws of 1875 provides for the incorporation of societies for certain lawful purposes.
Section 1 authorizes any five persons of full age.....to sign and acknowledge . . and file in the office of the secretary of state, and in the office of the clerk of the county in which the office of such society or club shall be situated, a certificate in writing. . .
But such certificate shall not be filed unless by the written consent and approbation of one of the justices of the supreme court of the district in which the principal office of such society or club shall be located, to be indorsed on such certificate, &c.
Section 2 declares the effect of the making and filing of the certificate, and among other things, the persons who-shall have signed the certificate shall be a body politic and corporate, and shall be capable of suing and being sued as such body corporate.
Section 9, after declaring that the corporations so formed shall be subject to the visitation and inspection of the justices of the supreme court or any persons appointed by the court for that purpose, also provides t„hat it shall be the duty of the trustees in the month of December in each year, to make and file a certificate with an inventory of the property and effects and liabilities of the corporation, &c.
*111 Without assuming here, to criticise the policy of the act in question, as to how and in what manner it may subserve the public good, or as to its lack of certainty and definiteness in detail, it, nevertheless, seems to me quite clear that the act intended something more than a private partnership.
The legislature could scarcely have intended that any and every five persons who chose, anywhere in the State, without capital or substance, should be capable of being formed into a corporation, having no cohesive or substantial power to secure its permanence, or to protect the public from imposition in dealing with it.
The act is silent on the question of capital forming any part of the basis of the corporation. The legislature seems to have depended upon the judgment of any justice of the supreme court to whom a certificate might be presented, to see to it that no certificate should be filed that did not combine and provide for such ingredients as are usually provided in the formation of corporations, and as may be necessary to give it solvency and liability, so that the outside world would have something substantial to deal with. The very idea that such a corporation is liable to be sued as such, contemplates a possibility of a recovery against it, and something to pay the judgment with in case of recovery.
The direction that it shall each December make and file an inventory of its property and effects, contemplates that it is always to have something to report.
The certificate offered in this case provides nothing except that the persons who sign it seek the improvement and advancement of the members in the art of carpentering and joining, and the mutual protection of the interests, and labor of said members.
If it simply means a combination of their genius and labor to give increased force to. their efforts, that can be accomplished by a partnership as well as by a *112 corporation. The proposed corporation would be insolvent ab initio. If it hired a room for an office and agreed to pay rent, it would at once become indebted for the rent, and have no property or means whatever with which to pay. It could not supply itself with a journal-book except by running in debt.
I do not think the statute contemplated such a class of corporations.
I must, therefore, decline giving my approval of this certificate of association, and upon the following grounds:
1st. ■ The articles of association do not provide any capital or means with which to operate the association or to give it solvency.
2nd. The declared purpose of the association is not one of those named in the first section of this act.
3rd. It does not appear where the office or place of business of the society is to be situated, or that it is intended to keep any office anywhere, or for any purpose. ■
The provision requiring the approval of a justice of the supreme court is addressed to his judicial discretion. It ought to be cautiously exercised and upon conservative principles. Applications for approval under the statute have become very frequent, and many of them by entirely irresponsible persons. Some general rule on the subject on the part of the justices of the supreme court ought to be adopted, so that there may, as far as possible, be harmony of action in granting approvals.
Note on Organization or Social and other Clubs.
The formation of corporations for manufacturing, mining and various other business purposes, is provided for by the act of 1848, and its amendments and supplements, known as the Manufacturing Companies' Act. The formation of corporations for these and other business purposes generally, is provided for by the general act of *113 ' 1875, c. 611, p. 755, and its amendments, known as the Business Corporations' Act. The latter act provides for two classes of companies —the limited liability, and the full liability companies. In practice, the former act is generally preferred for the basis of organization for businesses within its scope, for several reasons, among which is the facility with which the stockholders’ exemption from liability under the business act may be lost by incidental neglects on the part of officers, &c.
The formation of clubs for social and recreative purposes, is provided for by the general act of 1865, p. 692, c. 368, and its amendments, and by the independent act referred to in the text, L. 1875, p. 264, c. 267.
By § 1 of the act of 1865 (c. 368), as amended by L. 1865, c. 668, and L. 1871, c. 705: “Any five or more persons of full age, citizens of the United States, a majority of whom shall be also citizens of this State, who shall desire to associate themselves for social, gymnastic, (esthetic), temperance, benefit, athletic, military drill, musical, yachting, hunting, fishing, bathing or lawful sporting purposes,” may become incorporated; and by § 1 of the later act of 1875 (c. 267), as amended by L. 1876, c. 53: “ Any five or more persons of full age, citizens of the United States, and a majority of whom are also citizens of this State, who desire to form themselves into a society or club for social, mutual benefit, benevolent, temperance, political, economic, patriotic, gymnastic, athletic, military drill, musical, dramatic, historical, library, artistic, yachting, hunting, fishing, bathing or lawful sporting purposes,” may become incorporated by making and signing before any officer authorized to take the acknowledgment of deeds in this State, and filing in the office of the secretary of state, and also in the office of the clerk of» the county in which the office of such society or club shall be situated, “ a certificate, in writing, in which shall be stated the name or title by which such society shall be known in law; the particular business and object of such society or club; the number of trustees, directors or managers to manage the same, and the names of the trustees, directors or managers for the first year of its existence ; but such certificate shall not be filed unless (by) the written consent and approbation of one of the justices of the supreme court of the district in which the principal office of such society or club shall be located, be indorsed on such certificate; but nothing in this act contained shall authorize the incorporation of any society or club for any purpose repugnant to any statute of this State, or prohibited thereby.”
By 2 L. 1880, p. 376, c. 246, societies organized under the act of 1865 are authorized to extend their objects and business beyond *114 those set. forth in the original certificate of incorporation, so as to include other businesses authorized by that act or the acts amendatory thereof, by filing in the proper office an additional certificate stating the further business. This act does not in terms extend to societies organized under the act of 1875.
By L. 1884, p. 70, c. 68, the provisions of L. 1869, p. 1501, c. 629, authorizing the mortgaging of the real estate of clubs organized under the act of 1865, were amended by extending them to societies formed under the act of 1876, and the acts extending or amending the same.
The act of 1865 (c. 368), does not confer power to organize a society for the purpose of instituting actions to recover penalties for a violation of the game laws. So far as the certificate of incorporation expresses such an object, it is unauthorized and void. Ancient City Sportsman’s Club v. Miller, 7 Lans. 412.
Under section 7 of the act of 1865,—which makes the trustees of societies or clubs for social and recreative purposes, formed under that act, “jointly and severally liable for all debts due from said company or corporation, contracted while they are trustees, provided such debts are payable within one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable,”—an action against the trustees to hold them personally liable for a debt of the corporation must be brought within a year after the debt became due and payable. Hall v. Siegel, 13 Abb. Pr. N. S. 178; S. C., 7 Lans. 206.
A social club organized under the act of 1865, may elect a president without making him one of the trustees or directors, and if he is only president he is not personally responsible for debts incurred by him, as its president, for its benefit. Sieger v. Culyer, 2 Abb. N. C. 347; aff’d, it seems, in 67 N. Y. 601.
The members of a club formed for social and recreative purposes, assuming a name under which they incur liabilities, may be held jointly liable for such indebtedness, and each continues liable so long as he remains a member, and until ho notifies those dealing with it of his withdrawal. Park v. Spalding, 10 Hun, 128.
A social club, though without formal constitution and by-laws, and without purposes of profit or pecuniary advantage, may be held liable in an action under the statute, as a joint stock association, or association of seven or more persons having a common interest. Ebbinghausen v. Worth Club, 4 Abb. N. C. 300.