(44 Misc. Rep. 422.)

### In re NEW YORK SABBATH COMMITTEE.

(Supreme Court, Special Term, New York County. July, 1904.)

1. THEATERS—REVOCATION OF LICENSE.

    The New York Sabbath Committee, "a domestic corporation, duly organized" under the laws of the state, applied under New York Charter (Laws 1897, p. 520, c. 378) § 1476, to revoke the license issued to respondent for a theater in New York. It was not shown in the application that the right to apply for such revocation was within the corporate powers of the petitioner. *Held*, that the motion would be denied.

Application of the New York Sabbath Committee for an order revoking the theater license granted to Percy G. Williams. Denied.

Manice & Perry (John M. Perry, of counsel), for the motion.

House, Grossman & Vorhaus (Frederick B. House, of counsel), opposed.

GIEGERICH, J. This application is made under section 1476 of the Greater New York Charter (Laws 1897, p. 520, c. 378), to revoke the license issued to the respondent for the Circle Theater, in the borough of Manhattan, city of New York. The application is made by the New York Sabbath Committtee, which is, according to the petition, "a domestic corporation duly organized and existing under the laws of the state of New York"; but nothing further is shown in regard to it, or what its corporate purposes or powers are. The motion is resisted upon two grounds: (1) That the court has no jurisdiction to act, except in a proceeding instituted in the name of the city of New York, and by the corporation counsel as its attorney; and (2) upon the ground that, even if any one other than the city can institute the proceeding, it is not shown that such an act is within the corporate powers of the petitioner. In support of this latter claim a decision of the General Term of the Supreme Court in Ancient City Sportsman's Club v. Miller, 7 Lans. 412, is cited, in which it was held that an act which authorized incorporations for social, gymnastic, æsthetic, musical, yachting, hunting, fishing, bathing, or lawful sporting purposes does not allow incorporations for the purpose of instituting actions to recover penalties for violations of the game laws. Under the principle of that decision I think that the preliminary objection should be sustained. The motion is, therefore, denied, but without costs, and without prejudice to a renewal of the application.

Motion denied, without costs.